FILED
2017 May-23 AM 09:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>TRACY C. WOODEN and KRISTI WOODEN and SMARTBANK f/k/a CORNERSTONE COMMUNITY BANK,  )<br>)<br>)<br>)<br>)<br>Defendants.  ) | Civil Action Number<br>**5:16-cv-00844-AKK** |

## MEMORANDUM OPINION AND ORDER

Fidelity National Title Insurance Company filed this action against Tracy and Kristi Wooden and Smartbank,[1] seeking legal and equitable relief related to a title policy it issued to the Woodens. Federal jurisdiction is premised upon the diversity statute. 28 U.S.C. § 1332(a)(1). Relevant here, in its amended complaint, Fidelity asserts three claims against Smartbank: indemnification (Count III), breach of contract (Count IV), and breach of warranty (Count V). *See* doc. 16. The court has for consideration Smartbank's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). The motion is fully

---

[1] Smartbank was formerly known as "Cornerstone Community Bank." Although Fidelity sometimes refers to Smartbank by its previous name of "Cornerstone," for purposes of clarity, the court will uniformly refer to defendant as "Smartbank."

briefed, docs. 31-1; 33; 36, and ripe for review. Upon consideration, the court concludes that the motion is due to be granted as to Count III and denied as to Counts IV and V.

## I.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. FACTUAL BACKGROUND[2]

Smartbank acquired a deed to a 635-acre property at a foreclosure sale. Doc. 16 at 3. The foreclosure deed included all but *one lot* within the property, known as "Lot 5," which the previous owner had transferred to a third party prior to the foreclosure sale. *Id.* After acquiring the deed, Smartbank entered into a contract to sell the property to the Woodens. *Id.* The contract stated that the current placeholder legal description of the property "would be replaced with a title company's legal description upon completion of the title examination." Doc. 16-4 at 7. Three weeks after the execution of the sales contract, a third party drafted a

---

[2] The plaintiff's allegations are presumed true for purposes of Fed. R. Civ. P. 12(b)(6). As such, the facts are taken from the amended complaint, doc. 16. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)) ("When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'"). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *See Iqbal*, 556 U.S. at 662.

description of the property that mistakenly included Lot 5. Doc. 16 at 3. As a result, when Smartbank conveyed the property to the Woodens by special warranty deed, the deed included Lot 5. *Id.* at 4.

After obtaining the warranty deed, the Woodens purchased a title insurance policy from Fidelity. *Id.* The policy incorporated by reference *both* the property description in the foreclosure deed to Smartbank (which *did not* include Lot 5) and the property description in the special warranty deed to the Woodens (which *did* include Lot 5). *Id.* When it discovered the mistake, Fidelity presented the Woodens with a corrective instrument to reform the special warranty deed, but the Woodens refused to sign it. *Id.* at 5. Fidelity alleges that this "latent ambiguity" in the title insurance policy was due to mutual mistake, and concedes that Smartbank "never made any representations . . . that it owned or intended to convey Lot 5 to the Woodens." *Id.* at 4.

### III. ANALYSIS

The court turns now to Smartbank's contention that the three claims against it are due to be dismissed.

**A. Indemnification (Count III)**

Fidelity asserts that, to the extent that the court rules against it and deems the Woodens covered with regard to Lot 5, the court should require Smartbank to indemnify Fidelity for "all coverage proceeds, damages, and attorneys' fees

4

incurred and/or paid." Doc. 16 at 8. In its motion to dismiss, Smartbank argues under Rule 12(b)(6) that the indemnification claim is barred by the statute of limitations or, alternatively, a lack of ripeness argument under Rule 12(b)(1). Doc. 31-1 at 10–11. The contention regarding the statute of limitations is unavailing because the statute on the indemnification claim would begin to run only when Fidelity sustained a legal injury, which, in this case, would be Fidelity's payment of a claim regarding Lot 5. *See* Ala. Code § 6-5-221 (1975) (a cause of action accrues "when a person is injured"); *Smith v. Pitts*, 52 So. 402, 403 (Ala. 1910) (a surety's cause of action against a principal does not accrue until the surety has paid the debt of the principal); *Matthews Bros. Constr. Co. v. Stonebrook Devs., L.L.C.*, 854 So. 2d 573, 580 (Ala. Civ. App. 2001) (indemnification claims "generally do not accrue for the purpose of the Statute of Limitations until the party seeking indemnification has made payment to the injured person") (citations and internal quotation marks omitted). For the same reason, however, because Fidelity has not paid any claim regarding Lot 5, the court agrees with Smartbank's alternate argument that the indemnification claim is not ripe. Accordingly, Fidelity's indemnification claim is due to be dismissed, without prejudice, pursuant to Rule 12(b)(1).

## B. Breach of Contract (Count IV)

Fidelity also claims that Smartbank breached the July 1, 2010 sales contract when it represented and warranted that it had "good and marketable title" to the property — specifically, Lot 5. Doc. 16 at 9 (citing doc. 16-4 at 3). In its initial brief, Smartbank argues, in part, that the contract became unenforceable pursuant to the "merger doctrine," when the parties executed the special warranty deed. *See* doc. 31-1 at 8. However, Fidelity argues in opposition, and Smartbank apparently concedes, *see* doc. 36, that the merger doctrine is inapplicable. *See* docs. 33 at 3; 1-4 at 3 (stating that the sales contract expressly provided that "[t]he representations of Seller shall survive the closing").

Smartbank argues alternatively that the court should dismiss the breach of contract claim because it did not purport to include Lot 5 in the "Property" it sold to the Woodens. Doc. 31-1 at 8–9. Although Fidelity concedes this point, it counters by arguing that "the incorporated legal description, i.e. the Special Warranty Deed, included Lot 5." Doc. 33 at 10. Unfortunately for Fidelity, under Alabama law, an external document must exist at the time of the contract's execution in order to incorporate it by reference into the property description for a sales contract. *Nix v. Wick*, So. 3d 209, 213–14 (Ala. 2010). This was not the case here, and, as Smartbank points out in its reply, "the 'to be determined' legal description results in an unenforceable contract" under Alabama's Statute of

Frauds, absent any applicable exception. Doc. 36 at 6. Indeed, the Alabama Supreme Court has stated that a contract for the sale of land "must describe the land[] with such certainty that [it] can be identified without resorting to oral evidence." *Shannon v. Wisdom*, 55 So. 102, 103 (Ala. 1911); *Nix*, 66 So. 3d at 213; *Goodwyn v. Jones*, 257 So. 2d 320, 323 (Ala. 1971); *Dozier v. Troy Drive in Theatres, Inc.*, 89 So. 2d 537, 541 (Ala. 1956). The certainty did not exist here at the time of the sale because a third party drafted the property description for the sales contract three weeks *after* the parties executed the sales contract. *See* doc. 16 at 3. As a result, the contract failed to sufficiently describe the subject property under Alabama law.

There is an applicable exception, however: specifically, "the purchase money, or a portion thereof [was] paid and the purchaser [was] put in possession of the land by the seller." *See* Ala. Code § 8-9-2(5) (1975). *See also Keller v. Security Federal Sav. & Loan Ass'n*, 555 So. 2d 151, 156 (Ala. 1989) ("In order to satisfy the requirements of the exception [past performance], the possession must be *exclusively* referable to the contract in issue.") (citations omitted, alteration and emphasis in original). It is undisputed that the parties completed the sales transaction, and the Woodens now possess the property. *See* doc. 31-1 at 2 ("The Subject Property was conveyed to the Woodens by Special Warranty Deed on October 14, 2010."). Moreover, there is no indication that the Woodens came into

possession of the property by any means other than their contract with Smartbank. Therefore, the contract claim (Count IV) survives.

**C. Breach of Warranty (Count V)**

Fidelity pleads a breach of warranty based on Smartbank's purporting to convey good and marketable title to Lot 5. Doc. 16 at 9–10. The parties disagree about whether the property was conveyed by special warranty deed, as Smartbank contends, doc. 31-1 at 5–6, or general warranty deed, as Fidelity claims, *see* doc. 33 at 7–8. The type of deed matters in light of the parties' agreement that a third party, who owned the property prior to Smartbank, sold Lot 5 and separated that parcel from the property. Significantly, a general warranty deed expressly covenants not only against acts of the present grantor but also against acts of previous grantors, and a special warranty deed only covenants against acts of the present grantor. *St. Paul Title Ins. Corp. v. Owen*, 452 So. 2d 482, 485 (Ala. 1984).

The deed states that Smartbank "grant[s], bargain[s], sell[s] and convey[s]" the property unto the Woodens, and that, "during the period of time [Smartbank] has held title to said property that same is free from all encumbrances . . . ." Doc. 16-6 at 2. Honing-in on the *Owen* Court's iteration that Alabama law construes "all conveyances of estates in fee where the words 'grant, bargain, and sell' appear" as containing "a covenant of seizin; a covenant against encumbrances; and

a covenant of quiet enjoyment," 452 So. 2d at 485 (citing Ala. Code § 35-4-271 (1975)), Fidelity argues that the deed is one of general warranty, the assurances of which extend to the previous owner's sale of Lot 5. Doc. 33 at 8. Because this matter is before the court on a motion to dismiss, although Smartbank asserts that the deed is a special warranty deed because it explicitly limits these covenants to "the period of time [Smartbank] has held title to said property," *see* doc. 16-6 at 2, the court will allow this claim to proceed at this juncture so that it can have the benefit of additional discovery and briefing on this issue.

## IV. CONCLUSION AND ORDER

For the reasons stated above, Smartbank's motion to dismiss the claims against it is **GRANTED** as to Count III, which is **DISMISSED WITHOUT PREJUDICE,** and **DENIED** as to Counts IV and V.

Smartbank's motion for extension of time to file its initial disclosures, doc. 46, is **MOOT**.

**DONE** the 23rd day of May, 2017.

_____
 **ABDUL K. KALLON**
 UNITED STATES DISTRICT JUDGE